Hamilton Murray, Respondent, *v*. Abram M. Bininger and another, Appellants.

A principal, adopting the acts of his agent, ratifies the same, and thereby makes himself answerable therefor.

An appropriation of the fruits of an unlawful act of the agent by his principal, is an unqualified ratification of such act.

Appeal from a judgment of the Supreme Court in the fifth district, affirming a judgment in favor of the plaintiff, entered on the report of a referee.

Action for taking and converting personal property. The following facts were found by the referee: In the fall of 1857, Zachariah Smith carried on a hotel in the city of Oswego, in which was certain personal property, a part of which was incumbered by a mortgage, executed by Smith to one Hart, and another part was mortgaged to the plaintiff. On the 21st of November, 1857, the defendants recovered a judgment against Smith for $570.41, and, in December following, one Thompson recovered a judgment against him for $125.56. An execution on the last judgment was issued, on the 3d of December, to Rufus Hawkins, then sheriff of the county of Oswego, and by him levied on that portion of the property covered by the Hart mortgage. Hawkins' term of service expired on the 31st of December, and he deputized his successor, Perkins, to enforce the execution in favor of Thompson. On the 28th of January an execution on the plaintiff's judgment was delivered to Perkins, but no levy was made under it until the 8th of April, 1858. On and prior to the 24th of February, one Compton was the agent of the defendants, to attend to the proceedings, to enforce the collection of their judgments, and had acted as such, and the sheriff, Perkins, was notified that he was such agent. On the 8th of April the sheriff sold the property levied on by virtue of the Thompson execution, and satisfied it. After such sale, and on the same day, the sheriff, at the request and by the direction of Compton, levied on the property covered by

the plaintiff's mortgage, under the defendants' execution, and on the 3d of May, sold part of it, which was bid in by Compton, as the defendants' agent, and the residue the plaintiff refused to receive, and it was left in the hotel. The defendants were informed of such sale and purchase by Compton, and he, as their agent, sold the property so purchased by him to one Collins, and took his notes therefor, which he delivered to the defendants. The defendants were not informed, until after the sheriff's sale, that said property was not levied on until after the return day of their execution, but they were informed of that fact before this suit was commenced.

The referee decided that the defendants were liable for the acts of Compton, in respect to the property covered by the plaintiff's mortgage, by reason of their adoption and ratification of such acts; to which the defendants excepted.

On the trial, the plaintiff offered in evidence the testimony of the defendant Wattles, taken before a referee on a former trial, to the reading of which, as the case states, "the defendants did not object because the original minutes were not produced, but objected to its materiality and competency in every other respect;" which objection was overruled, and the defendants excepted.

The referee reported in favor of the plaintiff, for the value of the property covered by his mortgage, which was levied on under the defendants' execution by the direction of Compton. The judgment entered on his report having been affirmed on appeal to the General Term, the defendants now appeal to this court.

*Charles Andrews*, for the appellants.

*John C. Churchill*, for the respondents.

SMITH, J. The conclusion of the referee, that the defendants are liable for the acts of their agent Compton, in directing the levy upon the property covered by the plaintiff's mortgage, is warranted by the facts found by him, that the defendants were informed of the sale and purchase by

Compton; they received the notes which he obtained therefor; and they were notified, after the sale, and before this suit, that the property was not levied on until after the return day of their execution. Upon this state of facts, they are clearly liable, on the ground of an adoption and ratification of the acts of their agent, unless they returned the property, or its avails, or, in some other manner, repudiated such acts, after they learned that the levy was illegal. The referee has not found that the defendants repudiated the acts of the agent: on the contrary, he says, in his report, there is no evidence that they did so. Their appropriation of the fruits of the wrongful acts of their agent, with a knowledge of all the facts, is a ratification, of the most unmistakable character, and it makes them liable, to the same extent as if his acts had been authorized by their express direction. (Cro. Eliz., 824; 4 Inst., 317). There is, therefore, no ground for disturbing the judgment, unless the referee erred in receiving the evidence of what the defendant Wattles testified to on the former trial. The only point made at the bar, in respect to the admission of that testimony, is, that the minutes were incompetent, because they were not authenticated by the testimony of the counsel who took them. That point was not suggested on the trial; if it had been specially taken, it might have been obviated; and it cannot be raised on appeal for the first time.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.