Church, Ch. J.
 

 The circumstance that the plaintiff added a general count, for money had and received, in his complaint, has no significance in determining whether the first count is for fraud or on contract. The character of that count must be determined by its own merits. It must be admitted however, that the first count is somewhat equivocal in its character, but it is not material to pass upon that question. It may be regarded as an action for money had and received for the purposes of this appeal, and the allegations of fraud as pertinent only by way of showing the occasion of paying the money, and that it was by mistake and not voluntary.
 
 (Byxbie
 
 v.
 
 Wood,
 
 24 N. Y., 607.) The controling issue was one of fact, whether the plaintiff agreed to become the purchaser of one-fiftieth interest of the property of Mrs. Magee for which the defendant had the refusal, and pay his proportionate share of the cost, or whether he was to become the purchaser of that share of the property from the defendant and the Wings, at the price of $50,000, and this question turned mainly upon the fact whether the plaintiff signed a paper like that produced by the defendant, or
 
 *652
 
 one described by the plaintiff, and the jury decided for the plaintiff.
 

 When the question of the non-joinder of the Wings was presented, the court proposed to reserve the decision of it until after the verdict of the jury, which seems to have been acquiesced in; at all events no objection appears to have been made. After the jury rendered their verdict the court ruled in favor of the plaintiff upon the question of agency and non-joinder, which was excepted to. We are bound to assume the facts as claimed by the plaintiff, from the binding force of the verdict of the jury which the judge doubtless acted upon. Independent of that we should take that view of the evidence which would sustain instead of reversing the decision upon the legal point.
 

 Assuming these facts, the non-joinder of the Wings was not error. The plaintiff dealt with the defendant through Wickes, who, whether authorized or not, paid the money to the defendant. The plaintiff knew nothing of the Wings, and never heard of them. A dormant partner need not be joined in an action, nor one not generally known. (30 IST. Y., 374.)
 

 Wickes assumed to act for the defendant, and the receipt of the money of him by the latter was a ratification of the agency in that respect, and an adoption of the means by which it was obtained. (2 Den., 646 ; Dunlap’s Paley, 171, note.)
 

 The defendant became liable immediately upon the receipt of the money, and his subsequent division of it among persons who were strangers, in the transaction, to the plaintiff, could not affect his liability. The facts were fairly submitted to the jury, and the verdict, whether just or not, is conclusive upon this court, and the single legal point as presented is not tenable.
 

 The judgment must be affirmed with costs.
 

 All concur; Folgee, J., absent.
 

 Judgment affirmed.