JOHN HEERMANS, Trustee, etc., Appellant, v. GEORGE C. CLARKSON, impleaded, etc., Respondent.

A receiver authorized to execute upon payment formal satisfaction and discharge of mortgages in his hands as such officer, has authority to receive payment of the amount secured by and to satisfy a mortgage, although the same be not due at the time.

A subsequent ratification by the mortgagor of a payment made by a third person without his previous request is equivalent to an original authority to make the payment.

(Argued January 27, 1876; decided February 8, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of defendants, entered upon a decision of the court at Special Term.

This action was brought by plaintiff as trustee of the estate of Joseph Fellows to set aside a satisfaction and discharge of a bond and mortgage, and to foreclose said mortgage.

The bond and mortgage in question were executed by defendants Clarkson and wife to said Joseph Fellows, who thereafter by trust deed conveyed his property, real and personal, to plaintiff, including said bond and mortgage. In an action brought by Fellows to set aside the trust deed, defendant Bostwick was appointed receiver. By a supplemental order he was authorized "to execute and acknowledge for record formal satisfaction and discharge of all real estate mortgages which came to him as such receiver, upon payment to and collection by

him thereof, or of debts the payment of which they are given to secure." While this order was in force, one Hill paid to said receiver the amount unpaid on said mortgage, a portion of which was not then due, and the receiver executed and delivered to Hill a discharge of the mortgage, and also delivered to him the mortgage. The receiver paid the money over to Fellows. The suit brought by Fellows resulted in favor of plaintiff. Subsequently Clarkson paid to Hill the amount the latter had paid, received the bond, mortgage and discharge, and put the latter on record.

*A. Hadden* for the appellant. The receiver exceeded his powers in collecting and receiving money not due on the mortgage, and his acts in collecting it were void. (*Deavendorf* v. *Dickinson*, 21 How., 297; *Verplanck* v. *Mer. Ins. Co.*, 2 Paige, 452; *Fellows* v. *Heermans*, 4 Lans., 230; *Sheridan* v. *House*, 4 Keyes, 588; *In re pet. Livingston*, 34 N. Y., 567.) The payment to the receiver was not a satisfaction of the mortgage. (*Harris* v. *Fox*, 8 Alb. L. J., 301; *Harbeck* v. *Vanderbilt*, 20 N. Y., 395.)

*Sherman S. Rogers* for the respondent. The receiver had authority to collect any sums unpaid on the mortgages which came into his hands, whether due or not. (*Olcott* v. *Heermans*, 3 Hun, 43.) Hill, in making the payment, acted as the respondent's agent, and the ratification of it relates back and affirms and authorizes the act of payment. (Story on Agency, § 239; *Coml. Bk.* v. *Warren*, 15 N. Y., 580.)

*Per Curiam.* The authority given to the receiver by the supplementary order of June 2, 1870, was broad enough to authorize him to receive the money unpaid on mortgages held by him as receiver, whether due or not, at the time of the payment. By that order he was authorized and empowered " to execute and acknowledge for record formal satisfaction and discharge of all real estate mortgages which came to him as receiver, upon payment to or collection by him

thereof, or of debts the payment of which they are given to secure."

The mortgage executed by Clarkson was, as is found by the court upon evidence sufficient to authorize the finding, paid to the receiver by Hill, while this order was in force; and this payment, although made without the previous request of the mortgagor, was afterward ratified by him, which was equivalent to an original authority to make the payment. (Story on Agency, § 239 ; *Coml. Bk.* v. *Warren*, 15 N. Y., 580.) This view disposes of the case, and it is unnecessary to consider the other questions discussed on the argument.

The judgment should be affirmed..

All concur.

Judgment affirmed.