CASPER DORT, RESPONDENT, *v.* EVA NICKEN, APPELLANT.

*Ratification of a contract — made by a husband, assuming to act for his wife, in procuring money to be paid in discharge of a mortgage on her property.*

Where money has been advanced to take up a mortgage under an agreement, made by the husband of the owner of the mortgaged premises, without her knowledge or consent, that the party advancing the money should be secured for its repayment by another mortgage to be executed by the owner of the premises upon the same property, in the absence of evidence of any act on her part tending to induce the advancement of the money, the owner of the property will not be held to have ratified the agreement made by her husband by the fact that after the mortgage discharge was executed she paid to the county clerk for recording the discharge the legal fees therefor, and afterwards received from him the discharge which had been so recorded, the mortgage so discharged having been given to secure an indebtedness of the husband.

APPEAL by the defendant Eva Nicken from a judgment rendered in the above-entitled action at a Special Term of the Supreme Court, held in the county of Erie, and entered in the Erie county clerk's office on the 22d day of September, 1888.

It was adjudged thereby that the defendant Eva Nicken, within ten days after the entry of judgment, make, execute and deliver to the plaintiff, Casper Dort, a good and sufficient mortgage upon the property described in the complaint to secure the sum of $625, with interest thereon from the 10th day of November, 1887; that the said plaintiff, Casper Dort, has a lien upon the premises described in the complaint to the extent of the said sum of $625, with interest; that the premises described in the complaint be sold at public auction by the sheriff of Erie county, and that the sheriff, out of the proceeds of sale, pay to the plaintiff or his attorneys the sum of $625, with interest from the 10th day of November, 1887, together with the costs of this action.

*Fitch & Braunlein,* for the appellant.

*H. N. Platt,* for the respondent.

MACOMBER, J. :

On the 26th day of May, 1875, this defendant and her husband, Adam Nicken, being the owners in fee of the premises described in the complaint, executed and delivered to George Goetz and J. Martin Jones a mortgage upon said premises to secure the payment of $1,100, with interest, which mortgage was thereafter duly recorded in the clerk's office in Erie county.

The defendant is now the sole owner of the premises, having acquired the same by certain mesne conveyances. On the 10th day of November, 1887, there remained due and unpaid upon said mortgage the sum of $625. The mortgage was then held by one Louisa N. Groben. On the last named day this plaintiff paid to Groben the amount due upon said mortgage. On the 15th day of November, 1887, the said Groben duly executed and delivered to the defendant the proper discharge of said mortgage, which was on the 18th day of January, 1888, recorded and the mortgage discharged of record. The trial court has found that the plaintiff advanced the money for this mortgage under an agreement made by the defendant's husband that the plaintiff should be secured for its payment by another mortgage executed by this defendant upon the same property. This promise was made without the knowledge or consent of the defendant. It is not shown that the defendant

did anything to induce the plaintiff to advance moneys in behalf of her husband; the defendant has done no act which would connect her with the perpetration of any deceit or fraud upon the plaintiff. She did, however, some time after the discharge was executed and delivered, for the purpose of having the mortgage discharged of record, voluntarily pay to the clerk for recording the discharge the sum of fifty cents, and afterwards received from the county clerk the discharge which had been so recorded. Upon this fact alone the learned trial judge has held the defendant liable for the indebtedness upon the ground that by recording the discharge and paying for such record she ratified the act of her husband in inducing the plaintiff to advance the sum of $625, upon his promise that she would give security upon these lands. The learned trial judge in his opinion says: " While, therefore, she did not authorize her husband to make the agreement which he entered into with the plaintiff for the loan of this money and its security by means of a mortgage to be executed by her, and which she refused to perform by giving the mortgage, she did, in this manner, obtain the fruits, result or benefit of the transaction. That was claimed by her as a matter of right and the discharge was surrendered to her at her request, after it had been obtained by the plaintiff from the clerk's office. And that was a ratification of the unauthorized agreement made by her husband in her behalf, upon which the plaintiff advanced this money, for she could not take the benefit derived under that agreement, as she did, by providing for the recording of the discharge and afterwards requesting and securing its delivery to her, without assuming the obligations of the agreement under which she became entitled to that discharge."

The authorities cited by the learned judge (*Heermans* v. *Clarkson*, 64 N. Y., 171; *Leslie* v. *Wiley*, 47 id., 648; *Andrews* v. *Ætna Life Ins. Co.*, 92 id. 597; *Farmers' Loan and Trust Co.* v. *Walworth*, 1 Comst., 433 and other cases which might be cited), show that a ratification, may be made of an unauthorized act, and that when made the same must be deemed a ratification of the whole of the transaction, and not a part thereof only. Their application to the facts disclosed in this case, however, is not readily apparent. The truth is, as between the husband and the wife, this defendant was a

mere surety for the payment of the indebtedness which originally existed upon the premises. Her husband was the original debtor, and this property had been pledged as security for the payment of such indebtedness. There does not seem to be any connection between the procuring of the discharge of the old mortgage and the fraud in getting the money therefor from the plaintiff which would bind this defendant by way of ratification by simply being the involuntary recipient of the discharge of a mortgage procured by her husband.

Furthermore, it does not seem to us that the mere requiring and paying for the record of the discharge of the old mortgage can be deemed a a ratification of any act of her husband. It is found, as a fact, by the trial court, under the evidence, that the same had previously been executed and delivered to her. As between the parties this was a complete discharge of the indebtedness. Placing such discharge upon record affected the rights of no persons. Had it been shown that the defendant had done any act in aid of her husband in fraudulently procuring the moneys for the discharge of the old mortgage, a different question would arise. But we are of the opinion that under the finding of fact the conclusion of law that the defendant should execute another mortgage upon the same premises to reimburse the plaintiff for moneys fraudulently obtained from him does not necessarily follow, and for this reason the judgment should be reversed and new trial granted, with costs to the appellant to abide the final award of costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide the final award of costs.