SEYMOUR SMITH, Respondent, *v.* GEORGE BARNARD, Appellant.

1. GENERAL ASSIGNMENT — ACTS OF AGENT OF ASSIGNEE — RATIFICA-
TION. Instrumentalities used by an agent of an assignee under a general
assignment for the benefit of creditors, to the end of realizing upon the
assigned estate, even if involving an incidental indebtedness on the part
of the assignee, may be so adopted and ratified by the latter as to preclude
him from thereafter successfully disputing his liability.

2. COMPLETION OF CONTRACT FOR BENEFIT OF ASSIGNED ESTATE —
LIABILITY OF ASSIGNEE — RATIFICATION. If, at the time of the execu-
tion of a general assignment for the benefit of creditors, a contract there-
tofore made with the assignor, for the cutting of timber on land covered
by the assignment, is not completed, and the contractor is induced to con-
tinue the contract by one who, at the time, lacks authority to bind or
represent the assignee, and an agent of the assignee sells the lumber cut
by the contractor, and the assignee receives the proceeds, with knowl-
edge of the facts or under circumstances which make him chargeable with
knowledge, the assignee will be held to have ratified and adopted the
previous unauthorized act and · will be liable to the contractor for the
work so done by him.

Mem. of decision below, 73 Hun, 616.

(Argued January 31, 1896; decided February 18, 1896.)

APPEAL from judgment of the General Term of the
Supreme Court in the fourth judicial department, entered
upon an order made November 21, 1893, which affirmed a
judgment in favor of plaintiff entered upon the report of a
referee.

The nature of the action and the facts, so far as material, are
stated in the opinion.

*D. F. Searle* for appellant. The referee erroneously held
that the defendant having received the proceeds and avails of
the lumber business which accumulated after the assignment
is estopped from denying his liability to pay the balance due
plaintiff. (*N. Y. R. Co.* v. *Rothery*, 107 N. Y. 310 ; *Glenn*
v. *Garth*, 133 N. Y. 41 ; *Platt* v. *Grubb*, 41 Hun, 497 ; *P.
Church* v. *Cooper*, 45 Hun, 453 ; *Genorese* v. *Mayor, etc.*,
18 N. Y. S. R. 393 ; *Rose* v. *Hatch*, 35 N. Y. S. R. 443 ;

*Jones* v. *M. Nat. Bank*, 28 N. Y. S. R. 730; *Follmer* v. *Frommel*, 44 N.Y. S. R. 353; *Brewster* v. *Striker*, 2 N. Y. 19; *Schnitzer* v. *Heusted*, 39 N. Y. S. R. 211; *Knox* v. *M. E. R. Co.*, 36 N. Y. S. R. 2.) A principal is responsible only for that appearance of authority which is caused by himself and not for that conformity to the authority which is caused only by the agent. For the appearance of the act, the agent alone is responsible. (*Edwards* v. *Dooley*, 120 N. Y. 540–551; *M. Bank* v. *N. Y. & N. H. R. R. Co.*, 13 N. Y. 599, 634; *Bickford* v. *Menier*, 107 N. Y. 490.) Plaintiff dealt with the supposed agent at his peril. (*Friedrick* v. *Perkinson*, 43 N. Y. S. R. 161; *Wooster* v. *Sherwood*, 25 N. Y. 278; *Tarpey* v. *Bernheimer*, 42 N. Y. S. R. 184; *Ritch* v. *Smith*, 82 N. Y. 627; *Smith* v. *Kidd*, 68 N. Y. 130; *Brewster* v. *Carnes*, 103 N. Y. 556.) There was no ratification. (*Seymour* v. *Wyckoff*, 10 N. Y. 213; *Rowan* v. *Hyatt*, 45 N. Y. 138; *Trustees, etc.*, v. *Bowman*, 136 N. Y. 521, 526; *Ritch* v. *Smith*, 82 N. Y. 627; *Smith* v. *Kidd*, 68 N. Y. 130; *Whitlock* v. *Washburn*, 43. N. Y. S. R. 4; *Beyers* v. *Hodge*, 46 N. Y. S. R. 685; *Walsh* v. *Curly*, 42 N. Y. S. R. 470; *Tallmadge* v. *Lounsbury*, 50 N. Y. S. R. 531.) Defendant received no benefit. (*Friedrick* v. *Perkinson*, 43 N. Y. S. R. 161.) The declarations of an agent tending to show his authority are not competent evidence against the principal. An agency cannot be created or proved by the declarations of the assumed agent. (*Snook* v. *Lord*, 56 N. Y. 605; *Woods* v. *Franklyn*, 46 N. Y. S. R. 396; *Marvin* v. *Wilbur*, 52 N. Y. 270; *P. Bank* v. *Church*, 109 N. Y. 512; *W. Co.* v. *Pearson*, 46 N. Y. S. R. 70; *Stringham* v. *Ins. Co.*, 4 Abb. Ct. App. Dec. 315; *Breck* v. *Ringler*, 36 N. Y. S. R. 617; *Sier* v. *Bache*, 57 N. Y. S. R. 494; *Duffus* v. *Schwinger*, 61 N. Y. S. R. 549; *Ball* v. *Tibbitts*, 14 N. Y. S. R. 306; *Beyers* v. *Hodge*, 46 N. Y. S. R. 685.)

*Alva Seybolt* for respondent. The defendant is bound by the acts of his general agent. (*Hyatt* v. *Clark*, 118 N. Y. 569; *Myers* v. *M. L. Ins. Co.*, 99 N. Y. 11; *Bliven* v. *Lydecker*,

130 N. Y. 107 ; 1 Am. & Eng. Ency. of Law, 442 ; *Hoffman* v. *Livingston,* 14 J. & S. 552.) A subsequent ratification by a principal with full knowledge of the previous unauthorized act of the agent, or of one assuming to be such, is in all respects equivalent to an original authority. (*C. Bank* v. *Warren,* 15 N. Y. 577, 583 ; *Hoyt* v. *Thompson,* 19 N. Y. 219 ; *Hermans* v. *Clarkson,* 64 N. Y. 171 ; *Scott* v. *M., etc., R. R. Co.,* 86 N. Y. 200 ; *Markham* v. *Washburn,* 18 N. Y. Supp. 355 ; *Keeler* v. *Salisbury,* 33 N. Y. 648 ; *Leslie* v. *Wiley,* 47 N. Y. 652 ; *Condit* v. *Baldwin,* 21 N. Y. 231 ; *Elwell* v. *Chamberlin,* 31 N. Y. 611 ; *Garner* v. *Mangam,* 93 N. Y. 643 ; *Mills* v. *Hoffman,* 92 N. Y. 181 ; *Kane* v. *Cortesy,* 100 N. Y. 132 ; *Crigler* v. *Bedell,* 4 N. Y. Supp. 653 ; *Davis* v. *Shields,* 24 Wend. 325 ; *Lawrence* v. *Taylor,* 5 Hill, 107 ; *MacLean* v. *Dunn,* 4 Bing. 722.) When the defendant as assignee asserted his right to control, and actually did receive, the net proceeds of the lumber business, with full knowledge of the facts, he became estopped in his attempt to evade liability to the plaintiff by trying to prove that a third person was owner of, or had demanded, the proceeds. (*Trustees, etc., of B.* v. *Smith,* 118 N. Y. 634 ; *M. & T. Bank* v. *Hazard,* 30 N. Y. 226 ; *Plumb* v. *C. Ins. Co.,* 18 N. Y. 393 ; *Thompson* v. *Simpson,* 128 N. Y. 288 ; *Moore* v. *M. N. Bank,* 55 N. Y. 41 ; *Armour* v. *M. C. R. R. Co.,* 65 N. Y. 111 ; *N. Y., etc., R. R. Co.* v. *Schuyler,* 34 N. Y. 30, 73 ; *Dean* v. *Driggs,* 137 N. Y. 286 ; *Boardman* v. *L. S., etc., R. Co.,* 84 N. Y. 182 ; *Goeing* v. *Outhouse,* 95 Ill. 346 ; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.,* 106 N. Y. 199 ; *Wait's Act. & Def.* 529 ; *Condit* v. *Baldwin,* 21 N. Y. 225 ; *Krumm* v. *Beach,* 96 N. Y. 404 ; *Baldwin* v. *Burrows,* 47 N. Y. 215 ; *Adams* v. *I. N. Bank,* 116 N. Y. 610 ; *Leslie* v. *Wiley,* 47 N. Y. 652 ; *Garner* v. *Mangam,* 93 N. Y. 643.)

GRAY, J. This was an action brought by the plaintiff to recover a balance of moneys alleged to be due to him for cutting, sawing and manufacturing lumber and bark, upon

agreements made with the defendant's assignor, George Clarke. The defendant is the assignee of Clarke, under a general assignment made by the latter, in April, 1887, for the benefit of his creditors. At the time of the assignment by Clarke, the work contracted to be done by the plaintiff was unfinished and the latter claims that he was authorized and requested by defendant to go on with the contract. He does not claim that this request came directly from the defendant's mouth to him; but that it came through an agent of the defendant. The defendant, on the other hand, claims to have been ignorant of the plaintiff's contract with Clarke, that he never knew or was informed with respect to the plaintiff's work under it; that he never, directly or indirectly, authorized, or consented to, the work which the plaintiff did and that the request to plaintiff to continue the contract was not made by one who was then his agent. Upon the issue thus formed between the plaintiff and defendant, the referee, before whom the case was tried, determined in favor of the plaintiff and directed judgment for the sum which remained due for the work done by the plaintiff, after crediting upon the whole amount due the aggregate of various sums received from an agent of the defendant.

We think that the evidence sufficiently supports the findings of the referee upon the questions of fact relating to the agencies employed by the defendant, with respect to the management of the assigned estate, upon which the timber was to be cut under the contract with his assignor, and with respect to a ratification by him of acts of his agents in their dealings with the plaintiff. The defendant received the net proceeds· of the sales of this lumber and, although they may have been turned over to him by his agent at a time subsequent to the cessation of work by the plaintiff, that circumstance is not very material upon the question of his liability to the latter for the work done subsequent to the assignment; provided that his agents, acting within the general scope of their employment, had induced the plaintiff to continue the performance of the contract. The defendant does not pretend

to have given any personal attention to that part of the assigned estate. He employed others to do it for him, whom he regarded as competent for that purpose, as he says; and there was evidence from which to imply the existence of authority in the defendant's agents to accomplish such apparently advantageous results to the assigned estate, as would be comprehended in the cutting and sawing of the timber and in preparing it for market. Nor is it to be doubted that the instrumentalities used by the defendant's agents to the end of realizing upon the assigned estate, even if involving an incidental indebtedness on the part of the assignee, might be so adopted and ratified by the latter as to preclude him from thereafter successfully disputing his liability. No citations of authority should be necessary in support of so just a proposition. We may assume that the defendant, personally, did not request the plaintiff to continue with the contract, which he had made with Clarke, and that the plaintiff was induced to do so by one who, at the time, lacked the authority to represent or to bind the defendant, and yet, if, subsequently, the defendant received the proceeds of the sales of the lumber, which plaintiff had cut and the agents of defendant had sold, with knowledge of the facts, or under circumstances which made him chargeable with their knowledge, he must be held to have ratified and adopted the previous unauthorized act. (*Murray* v. *Bininger*, 3 Keyes, 107; *Leslie* v. *Wiley*, 47 N. Y. 648.)

We think it unnecessary to consider this case at any greater length. The plaintiff labored under the difficulty of eliciting evidence from witnesses presumably, or possibly, hostile; but there was sufficient in the evidence adduced, from which the referee might find as he did upon the facts, and the legal conclusions establishing the plaintiff's right to recover against the defendant will not be disturbed by us.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.