## BURKE *v.* HUFF, administrator.

A judgment rendered against an administrator, in an action brought against him for materials furnished in repairing and improving the realty of his intestate, can not be supported, and should on his motion be arrested, when the case made by the plaintiff's petition is, in substance, as follows: There was no administration on the estate of the deceased for several years after her death; one of the heirs took possession of the estate and managed it for the benefit of all the heirs, "acting as their agent "; as such agent and with the consent and approval of all the heirs, he contracted with the plaintiff for the materials in question, giving his promissory notes for a portion of the same, signing such notes as agent, and the remaining portion of the materials being furnished to him as such agent upon open account; the heirs accepted the materials and used and occupied as a dwelling the house upon which the materials had been used in making repairs; the administrator, he being another of the heirs, upon his appointment "duly ratified and confirmed the action of said [agent] in contracting with petitioner as aforesaid, by accepting the articles, supplies and materials so furnished, and by using and occupying the property so

improved and repaired by the petitioner." Such a petition made a case against the heirs alone, and did not set forth a cause of action against the estate of the intestate. The correctness of this proposition is not altered by the allegations relating to ratification by the administrator; his conduct in this respect being merely passive, and it manifestly appearing from the allegations of the petition relating thereto that he pursued the only course which he could have pursued in the premises.

Argued January 31,—Decided March 22, 1898.

Motion to arrest judgment. Before Judge Ross. City court of Macon. March term, 1897.

*Smith & Jones*, for plaintiff.　　*Guerry & Hall*, for defendant.

LITTLE, J. Burke filed his petition in the city court of Macon, seeking to recover a judgment against the estate of Mrs. Mattie E. Huff, and Prentice Huff, administrator on said estate, basing his right to recover such judgment upon the following (material) allegations: Mrs. Mattie E. Huff died intestate, leaving a large estate, consisting of real and personal property, and especially of the house and lot located on what is known as a part of the Virgin property, in the village of Vineville. For several years immediately following the decease of Mrs. Huff, her estate was not administered upon, but her husband, W. A. Huff Sr., by and with the consent of all her heirs, consisting of himself, and W. A. Huff Jr., Walter, Prentice, Travis and Eddison Huff, Mrs. Ovid G. Sparks and Mrs. W. B. Jennings, assumed control of the estate, managed the same in the interest of said heirs, acting as their agent; and as such agent said W. A. Huff Sr., with the consent and approval of each and all of the heirs, purchased from Burke certain articles, supplies and material for the repair and improvement of the above described real estate, and said articles, supplies and materials were used with the knowledge, consent and approval of the heirs, in repairing, improving and rendering valuable the estate. The heirs received and accepted the materials furnished by Burke, used and occupied the house as a residence, knowing at the time that Burke relied upon them, and upon the estate and property, for the payment of the indebtedness. W. A. Huff Sr., acting as agent for them, executed and delivered to Burke five promissory notes in consideration of the articles furnished,

amounting in the aggregate to $183.25, besides interest; and in addition, Burke held an open account of $10.25, besides interest, against the heirs for certain articles, supplies and materials purchased and used in the manner and for the purpose aforesaid. On the 8th day of August, 1895 (subsequently to the purchase and use of this material and the execution of the promissory notes), Prentice Huff (who was one of the heirs) was duly appointed administrator of the estate of Mrs. Huff, and as such administrator duly qualified, and letters of administration were issued to him by the ordinary of Bibb county; and said Prentice Huff, administrator, duly ratified and confirmed the action of W. A. Huff Sr., in contracting with Burke as aforesaid, by accepting the articles, supplies and material so furnished, and by using and occupying the property so repaired and improved by Burke; the estate has received the benefit of the contract entered into with Burke, and the value of the same largely enhanced thereby.

The cause coming on for trial, under the allegations of this petition, the city court rendered judgment "that the plaintiff recover of the defendant Prentice Huff administrator, and of the estate of Mrs. Mattie E. Huff deceased, the sum of $193.50 principal, $60.23 interest to date, and the cost of this proceeding to be taxed by the clerk, with future interest," etc. During the term at which this judgment was rendered, the defendant, Prentice Huff, administrator, made a motion in arrest of judgment, upon the following grounds: (1) Because according to all the allegations contained in the petition of the plaintiff, said petition being all the pleadings in the cause, there was and is no cause of action set forth on which any judgment could be lawfully rendered against defendant as administrator of said estate, or to be levied of the goods and chattels, lands and tenements of the deceased in any amount whatever. (2) Because if any cause of action is set forth in said petition upon which any judgment could be rendered against defendant as administrator, or against the assets of said estate, the said cause was and is of equitable cognizance only, and the said court had no jurisdiction thereof or power to render the said judgment or any judgment against the defendant or the assets

·of said estate.   (3) Because the allegations in said petition show that the defendant as administrator and the assets of said ·estate were and are not liable to the cause of action therein set forth or to any judgment recoverable thereon.   (4) Because the pleadings in said case are so defective that no legal judgment could be rendered thereon.   Upon this motion the judgment was arrested, and Burke excepted.

Whether under another form of action and under different .allegations the estate might have been made liable for the demands of Burke, or whether the contract set up by him is ·one upon which the administrator could bind the estate, are questions not necessary here to be decided.   Burke sought to recover upon a contract which he alleged had been ratified by Prentice Huff, as administrator.   If it be, assumed that Huff's ratification of the contract would be binding upon the estate, the allegations of the petition charging such ratification wholly ·fail to show any act or acts on the part of the administrator which, in contemplation of law, would amount to a ratification. There is no allegation of any express ratification on the part ·of Huff, nor does there seem to have been any action or con- ·duct on his part from which a ratification could be implied. If where articles or materials had been purchased for the use ·of an estate, by a person unauthorized to bind the estate there- for, the administrator should, with full knowledge of the facts, :appropriate the articles or materials thus purchased to the use and benefit of the estate, this would amount to an implied rat- ification of the purchase and bind the estate, provided the .administrator would have been authorized in the first instance ·to have entered into such contract.   Mechem on Agency, § 148; Murray v. Bininger, 3 Keyes, 107; Leslie v. Wiley, 47 N. Y. 648.

In the present case, however, it appears from the petition that the materials were furnished and appropriated to the im- provement of the real estate prior to the appointment of the administrator.   At the time they were purchased there was no ·one legally authorized to contract debts for and on account of the estate of the intestate; and the mere fact that the adminis- trator, upon his appointment, used and occupied the property

improved and repaired by the materials previously purchased by the heirs from the plaintiff, could in no sense be construed as a ratification on his part of the contract made with the plaintiff by such heirs. It was not a case where he was required to either ratify or repudiate the act of the heirs. The mere fact that he took the property as he found it, or neglected to dismantle it of the materials furnished by the plaintiff, could not be treated as an undertaking on his part to assume liability therefor. The title to this real estate was vested in the heirs, and was only subject to be administered by the administrator for the payment of debts and the purposes of distribution. Civil Code, §§ 3081, 3353. It was his duty to take charge of the property as he found it, if indeed in the due course of administration it became necessary for him to take charge of it at all; and while the petition made a case which would authorize a recovery against the heirs, it did not set forth a cause of action against the estate of the intestate, and there was accordingly no error in arresting a judgment against the estate resting upon the allegations of such petition.

*Judgment affirmed. All concurring, except Cobb, J., absent.*