JOSEPHINE C. DRAKE, Respondent, v. EDWARD C. BELL, Appellant.

*Repairs made to a house without the authority of the owner — when his subsequent promise to pay therefor is enforcible.*

Where a carpenter who has, under a contract for the repair of a house, by mistake made repairs upon another house belonging to another person, including the furnishing of some articles which were not attached to the freehold, and might have been taken away by him, is induced to leave all the repairs upon the premises upon which the work was done by the owner's promise to pay for them, such promise is founded upon a valid consideration, and is enforcible against the owner.

APPEAL by the defendant, Edward C. Bell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of February, 1899, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Mitchell May* [*Thomas C. Whitlock* with him on the brief], for the appellant.

*J. William Greenwood,* for the respondent.

HATCH, J.:

The evidence taken upon the trial is not returned, and we must, therefore, assume that the same was sufficient to support the findings as made. Counsel for the defendant states in his brief: "We admit the findings of fact, but except to the conclusion of law." Our duty, therefore, is to see if the facts as found support the judgment which has been rendered.

The findings show that one Russell, a carpenter, was employed by the plaintiff to make some repairs to a building upon her property. Russell, by mistake, repaired a house owned by the defendant, situated in the immediate locality of the plaintiff's house. The repairs were of value to the defendant and by reason of them he was enabled to rent his house, and the same became marketable property for sale.

Upon discovery of the mistake negotiations were had between Russell and the defendant for payment. The contract price between Russell and the plaintiff was $215; by agreement this was reduced to $194, and this sum the defendant promised to pay to Russell. It not being paid, Russell filed a mechanic's lien upon the premises. The court has found that subsequent thereto the defendant promised that if the plaintiff would pay the sum agreed upon, he would pay her. Thereafter the plaintiff paid Russell, and took from him an assignment of the claim and of his rights under the lien. The court further found: "That some of the said repairs consisted of windows and some articles which were not made part of the freehold and could have been taken away by the said Russell, but, by the defendant's said promise, the said Russell was induced to leave everything there, and he did so." Upon these findings, and others not material now to mention, the court directed judgment for the amount of the plaintiff's claim, and directed that the lien be foreclosed.

It is the claim of the defendant that he is not liable for the value of the repairs when made, as he did not assent thereto and had no knowledge thereof; that his subsequent promise to pay is, therefore, unenforcible for lack of consideration to support it. We do not find it necessary to inquire whether, under the peculiar circumstances of this case, the moral obligation to pay, coupled with the value bestowed upon the property and the enjoyment of the premises by the defendant, is sufficient to constitute a legal consideration for the promise to pay. Such obligation and use of the premises were thought sufficient by the learned court below to furnish legal support for the promise to pay, and that the same could be enforced by action. We are not now required to pass upon this question, and we express no opinion thereon. The court has found in terms that some of the articles placed in the house were not attached to the freehold; that they could have been taken away by Russell, but

that he was induced to leave them there upon the promise of the defendant to pay the $194. Leaving these articles constituted a present consideration of value moving from Russell to the defendant at the time when the promise to pay was made. That this furnished a consideration for the promise is elementary. While a person is under no obligation to accept gratuitious and voluntary service, yet, when the service is rendered, if the person chooses to make use of the benefits by retention of the articles which are the product of the service, he becomes liable as though they were furnished upon request. (1 Pars. Cont. [8th ed.] *469, and cases cited.) Such person may also ratify the act and create liability where before it did not exist. (*Heermans* v. *Clarkson*, 64 N. Y. 171.) In the present case the service was of value to the defendant; it might have been rendered less valuable to him had the articles been removed which could have been taken away. As he chose to retain the whole, and Russell was induced to leave those which he might have taken away, all the elements of a contract based upon consideration are found present, and upon it this judgment can rest.

It is true, as stated by the defendant in his brief, that the court in its opinion said : "The defendant was under no legal obligation to pay for the work. Nor is there any question of acceptance as of a chattel, for there was nothing capable of being rejected or taken away." And again : "It was all of an irremovable character like plastering and painting." But these statements are not controlling in view of the fact that there were articles which could be removed, which the court has found, and by which finding alone we must be governed. Equitable principles attached to this property the lien of this mechanic. (*Otis* v. *Dodd*, 90 N. Y. 336.)

The plaintiff having succeeded to the rights of Russell, she became entitled to judgment for their enforcement.

The judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.