## DODGE and others *v.* SCHELL.

(*Circuit Court, S. D. New York.* June 15, 1882. )

SUBSTITUTION OF ATTORNEYS—LIEN ON JUDGMENT FOR SERVICES.

An agreement was entered into by plaintiffs, by which a party, since deceased, was employed to prosecute their claim against the government for alleged illegal exactions of duties and fees, which, during his life-time, he proceeded to do, employed attorneys, instituted the suit, and paid all the expenses of the proceedings, and, after his death, his executrix assumed control, substituting attorneys and paying all expenses, and finally recovered judgment in favor of the plaintiff. *Held*, that the services of deceased were in the nature of attorney's services, and that the long acquiescence of 13 years in the control of proceedings by deceased and his executrix entitles the executrix to a lien on the judgment and that plaintiffs' motion to substitute their attorney be granted on payment to the executrix of one-half of the amount of the judgment, the amount specified in the contract.

*John E. Parsons*, for the motion.

*W. N. Cromwell, contra.*

WALLACE, C. J. This is a motion by plaintiffs to vacate an appearance by an attorney in their behalf as 'authorized. The attorney does not dispute the plaintiffs' right to substitute another attorney in his place, but insists they should not be permitted to do so until they fulfil their obligations to one whom the present attorney immediately represents. Prior to 1864, Phelps, Dodge & Co., the plaintiffs, made an agreement with one Douglass, by which they employed the latter to prosecute a claim of theirs against the government growing out of alleged illegal exactions of duties and fees. By this agreement Douglass undertook to "endeavor to establish the claim by legal decisions or otherwise." He was to be paid for his services a sum equal to one-half of the recovery, and was to bear all the costs and expenses of the proceedings. In 1864 he employed attorneys, and brought suit in the name of the plaintiffs against the collector of the port of New York. From that time until 1876, when he died, he had the exclusive control of the suit. Substitutions of attorneys had been made by him, and he had defrayed all the expenses. After his death his executrix assumed control of the suit, and under her administration the present attorney was substituted as plaintiffs' attorney, and a judgment for $17,498 recovered for the plaintiffs. Until this judgment was recovered the plaintiffs took no part in the proceedings, and apparently manifested no interest therein. Their first intervention in the suit was an effort to wrest its control from the executrix. A motion was made, ostensibly by the defendant in the suit, but apparently at the instigation or in the interest of the plaintiffs, to vacate the appearance of the attorney substituted by the executrix upon the ground that the agreement between plaintiffs and Douglass was champertous and void, and, if not, because the executrix had no power to appoint an attorney for the plaintiffs. This motion was heard before my predecessor in this court and denied. Notwithstanding this the plaintiffs succeeded, through the co-operation of the defendant's attorney, in ejecting the attorney from the suit during its pendency upon a writ of error from the judgment. Upon the affirmance of the judgment, however, when they applied to enter the mandate in this court, the clerk of this court refused to recognize the right of any attorney to appear for them except the present attorney. Hence this motion. The plaintiffs now insist that their contract with Douglass was one for his personal exertions, and by his death before entire performance they are released from all

obligations to his executrix; that his interest did not survive his death, and his executrix was not authorized to assume charge of the suit and appoint the present attorney.

That the executrix of Douglass has a valid claim against the plaintiffs for the value of his services up to the time of his death, the entire performance of the contract on his part being prevented by his death, is established by many authorities, among which are *Wolfe* v. *Howes*, 20 N. Y. 197; *Spalding* v. *Rosa*, 71 N. Y. 40, cited in the brief of plaintiffs' counsel. It is more doubtful whether the executrix, upon Douglass' death, had the right to control the further prosecution of the action. But after she was permitted to do so by the plaintiff for a considerable period of time, and by her exertions and at her expense the judgment was obtained which the plaintiffs now seek to control, the objection to her conduct seems an ungracious one, and should not be willingly enforced. The question of her authority to appoint the attorney must have been passed upon by Judge Blatchford on the former motion to vacate the appearance, and been determined affirmatively; otherwise the motion would have prevailed. Whether this authority was held to be within the scope and contemplation of the original contract between plaintiffs and Douglass, or to be implied from the subsequent conduct of the parties, does not appear; nor is it material now. It suffices that there are no clamorous equities in the present application to urge a reconsideration of that adjudication. For 13 years the plaintiffs acquiesced in what was done by Douglass and his executrix, but from the time they ascertained that a large judgment had been recovered, they have seemingly been unwilling to recognize the agreement. They now present affidavits in which, upon information and by innuendo, they impute fraudulent conduct to Douglass, not towards themselves, but towards the government. They claim the judgment would not have been affirmed upon the writ of error except for the exertions of counsel employed by themselves; but it appears that competent counsel were employed by the executrix and ignored by the plaintiffs. They represent themselves willing to pay a reasonable compensation to the executrix; but at the same time they are insisting they are under no legal obligation, and they have made no definite proposition of payment.

Notwithstanding all this the plaintiffs have the right to collect the judgment themselves, and for that purpose to appoint such attorney as they desire. They did not transfer the cause of action to Douglass, nor did the agreement effect an equitable assignment to Douglass of half the proceeds of the suit. The suit now being at an end,

the executrix has no interest in controlling its further disposition. She has, however, the right to assert any lien upon the judgment which exists by virtue of the agreement, and the service rendered under it. If Douglass had been an attorney the agreement and services would have created a lien. There is no magic in the name attorney which conjures up a lien. It is the nature of the services and the control, actual or potential, which the mechanical or professional laborer has over the object intrusted to him which determine whether a lien is or is not conferred. The services which Douglass was employed to render and did render were in character attorney's services. As he appointed and discharged attorneys, he had through them the same control over the suit as he would if he had been an attorney himself. It is said by *Best*, C. J., in *Jacobs* v. *Latour*, 5 Bing. 130: "As between debtor and creditor the doctrine of lien is so equitable it cannot be favored too much." The remark is peculiarly applicable in the present case.

It would not be proper to determine now, or by any proceeding which cannot be reviewed the amount of the lien to which the executrix is entitled. But for present purposes it should be held that she is not to be turned over to a suit at law, to receive that measure of compensation at the end of litigation, to which she is entitled now before surrendering her lien. It may be the plaintiffs have equities and legal rights with which the court has not been impressed, and from which they should not be definitely precluded by the present decision. It may ultimately appear that the executrix should not receive the whole compensation contemplated by the agreement, but the burden should rest upon the plaintiffs, who are seeking to dispossess her of a lien, to show that she is not entitled to the sum which they promised to pay when their claim should be established.

It is therefore ordered that the plaintiffs' motion be granted upon the payment to the executrix of Douglass of one-half of the amount of the judgment, without prejudice to the right of the plaintiffs to recover at law if they can show themselves entitled to the whole sum, or such part thereof as may be just.