CHASE v. UNITED STATES.

(*Circuit Court, D. Indiana.* November, 1890.)

CLAIMS AGAINST UNITED STATES—AUTHORITY—POSTMASTER GENERAL.
Under Act Cong. March 2, 1861, § 10, (12 St. at Large, 220,) providing that "no contract or purchase on behalf of the United States shall be made unless the same is authorized by law, or is under an appropriation adequate to its fulfillment," the postmaster general is not empowered to lease on behalf of the government a building for a post-office for the term of 20 years, and such lease, taken by the postmaster in May, 1870, cannot be enforced against the government after it has vacated the premises.

At Law.
*A. C. Harris,* for plaintiff.
*Smiley Chambers,* U. S. Atty.

GRESHAM, J. On July 17, 1866, John K. Snider leased to the United States for a term of 10 years a lot, and building standing thereon, in the

city of Lafayette, Ind., to be occupied as a post-office. The lessee held the premises until December 24, 1869, when the building was destroyed by fire; the lessor, in the mean time, having conveyed the title and his interest in the lease to James Montgomery. On May 1, 1870, Montgomery executed a lease to the United States, represented by John A. J. Cresswell, then postmaster general, for described portions of a building, which Montgomery covenanted in the instrument he would erect upon the same lot. The lease was for a term of 20 years, at an annual rental of $1,500, payable in equal quarterly installments. The lessor agreed, at his own expense, to furnish and keep in repair, to the satisfaction of the postmaster general, all boxes and fixtures necessary for a post-office. Montgomery erected a building according to the terms of the lease, and the lessee went into possession. On April 15, 1870, Montgomery assigned his interest in the lease to Chauncey C. Tuttle, who, on February 10, 1871, assigned to Hiram W. Chase. Chase died January 25, 1889, testate, and the plaintiff duly qualified as executrix of the will. The lessee, on May 1, 1886, without complaining that the lessor or any of his assignees had failed to comply with the terms of the lease, vacated the premises, and refused to pay rent thereafter. The declaration avers that, after the assignment to Chase, and while the premises were occupied by the lessee, Chase from time to time laid out and expended for furniture, fixtures, and required changes, $2,000, and that he was engaged in making further repairs and additions, at the request of the postal officers, when the premises were vacated. Judgment is demanded for $6,000, the rent claimed for the unexpired term of the lease. The defendant demurred to the declaration.

The executive officers of the government have no power to bind it by contract, unless there be statutes expressly or by clear implication authorizing them to do so. The annual appropriations which are made by congress to defray the expenses of the executive departments do not authorize heads of those departments to bind the government by contract beyond the time for which such appropriations are made applicable. It is true that when this lease was executed it was the duty of the postmaster general to establish post-offices for the convenience and accommodation of the people, and that an appropriation had been made to enable him to discharge that duty and pay rent for that year. This authorized him to lease buildings, not for a term of years, but for one year,—the time for which the appropriation was applicable. If the postmaster general was authorized to lease the premises for 20 years, he was authorized to buy them for the government in fee, and it will not be contended that he could have done that. Section 10 of the act of March 2, 1861, (12 St. at Large, 220,) provides that—

"No contract or purchase on behalf of the United States shall be made unless the same is authorized by law, or is under an appropriation adequate to its fulfillment, except in the war and navy departments, for clothing, subsistence, fuel, quarters or transportation, which, however, shall not exceed the current necessities of the year."

There was no statute in force on the 4th day of February, 1870, or the 1st day of May of the same year, other than that in which an appropriation was made to pay for the use of buildings occupied as post-offices, which authorized the postmaster general to make a contract of lease. The tenancy commenced on the 1st day of May, 1870, and continued from year to year until the 1st day of May, 1886, when the government abandoned possession and refused to pay rent thereafter. If the premises had been held longer, but less than a year, the government might have been liable for another full year's rent as tenant by the year.

Demurrer sustained.