CHARLES F. TALLMAN and JAMES P. HOWE, Appellants, *v.* WILLIAM H. KIMBALL, Respondent.

74h 279
54ad380

*Principal and agent — ratification in part — proof of similar transactions between the agent and third parties — contradiction of a witness.*

The ratification by a principal of a portion of the acts of his agent bind him as to all the acts of the agent in the same general business.

A principal cannot ratify just so much as he pleases of the unauthorized acts of one assuming to act for him and reject the rest of such acts ; he must affirm or reject *in toto.*

When the owner of a building has adopted and paid for the labor performed and some of the material procured and used by a mechanic upon the building without his previous authority, he will render himself liable to pay a third party for the rest of the materials bought by the mechanic in the same manner as those thus paid for, and used in his building for his benefit.

In an action brought against the owner of a building to recover payment for goods procured from the plaintiffs by a mechanic and used in the defendant's building, without previous authority from the defendant, the defendant cannot, where there is no issue of fraud, be allowed to prove similar transactions between the mechanic and other persons not connected with the work in suit.

A party cannot contradict a witness upon collateral or irrelevant matter into which he has himself inquired.

APPEAL by the plaintiffs, Charles F. Tallman and James P. Howe, from a judgment of the County Court of St. Lawrence county, entered in the office of the clerk of that county on the 20th day of January, 1893, affirming a judgment of a Justice's Court in favor of the defendant.

The action was brought in a Justice's Court to recover for goods alleged to have been sold and delivered for the defendant's benefit and at his request. The defendant pleaded a general denial.

The evidence given on the trial before the justice showed that the plaintiffs, who were hardware merchants, sold and delivered the goods in suit, consisting of nails and other building hardware, to one

Thomas Mahoney, a carpenter, and at Mahoney's request charged them to the defendant. Mahoney testified that he was employed by a Mrs. Richardson and one James Spears to repair a house which belonged to defendant; that the defendant did not ask him to do the work, but that he told the defendant that he was about to do it, and was authorized by him to get the necessary materials. The defendant contradicted this story, denied that he ever gave Mahoney authority to buy anything and have it charged to him, testified that he never knew of the purchase of the materials, that he did not know Mahoney was doing the work until it was finished, and that he then paid him for both work and materials, as he supposed.

The justice dismissed the complaint, with costs. On appeal to the County Court his judgment was affirmed.

*Keeler & Russell,* for the appellants.

*Nelson L. Robinson,* for the respondent.

MAYHAM, P. J.:

Two grounds are relied upon by the appellants for the reversal of the judgment on this appeal.

First, that the acts of the mechanic who did the work and purchased the materials, although not authorized in advance by the defendant, were in all respects adopted and ratified by him, except as to the plaintiff's claim, after the work was done and the materials were furnished, and that such ratification was equivalent to an original authority from the defendant.

The fact that the mechanic did the work and furnished materials without the direction of the defendant, and that defendant afterwards paid the bills, is proved and not disputed by the defendant, but he swears that he gave the mechanic no authority to buy these goods of plaintiff. A precedent authority was not necessary to bind the defendant, provided he subsequently ratified the act of the person assuming to act as his agent, and a ratification by the principal of a portion of the acts of the agent bind him as to all the acts of such agent in the same general business. (*Commercial Bank* v. *Warren,* 15 N. Y. 580; *Hermans* v. *Clarkson,* 64 id. 173; *Hayes* v. *Kedzie,* 11 Hun, 581; *Lawrence* v. *Taylor,* 5 Hill, 113.)

He cannot ratify just so much as he pleases of the unauthorized

acts of one assuming to act for him, and reject the rest of his acts. He must affirm or reject *in toto*. (*Fowler* v. *N. Y. Gold Exchange Bank*, 67 N. Y. 143.)

The defendant having adopted some of the acts, and paid for the labor performed and some of the materials furnished by the mechanic upon his building, and the goods purchased of the plaintiffs having been bought by the mechanic in the same manner as those for which the defendant paid, and having gone into his building and been used for his benefit, we think a legal obligation exists against him to pay for the same.

The second point raised by the appellants is that the justice erred in allowing the defendant to prove transactions between this mechanic and other persons not connected with this work, and in allowing him to be contradicted in relation to his evidence on this point.

Such evidence is not allowable on the ground that the transactions are similar to those arising in this case. There is no issue of fraud in this case, and it is only where criminal or fraudulent acts are under investigation that this class of evidence has been admitted. (*Olmsted* v. *Hotailing*, 1 Hill, 317.)

Nor was it competent to ask questions of the witness of this irrelevant character for the purpose of laying the foundation for evidence contradicting the witness. A party is not permitted to contradict a witness upon collateral or irrelevant matter into which he has himself inquired.

For the reasons above stated, the judgment of the County Court and that of the justice must be reversed.

HERRICK, J., concurred.

Judgment reversed, with costs of this appeal and in the County Court.