REESE et al. v. RESBURGH et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEY—CONTRACT OF EMPLOYMENT.

Where an attorney is employed to prosecute a case under an agreement that he shall receive half the proceeds, and he afterwards substitutes another attorney in his stead, who carries on the suit with knowledge of the client, who accepts the benefit thereof, the latter is liable to the substituted attorney for compensation according to his agreement with the original attorney.

2. SAME.

Where an attorney who is employed under a contract for contingent fee substitutes another attorney in his stead, who prosecutes the suit with the consent of the client, the death of the original attorney does not defeat the right of the substituted attorney to recover the agreed compensation for such services.

3. SAME—CHAMPERTY AND MAINTENANCE.

Where an attorney recovers a judgment under an agreement that he shall receive half the sum recovered, and he retains half the amount

thereof, and pays the remainder to the client, the latter cannot set up,. in an action against the attorney to recover the balance collected by him, that the contract of employment was void for champerty and mainte- nance.

Appeal from trial term.

Action by Jacob R. Reese and another against Edward W. Res- burgh (or Risbrough) and others. From a judgment in favor of de- fendants, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Jacob Fromme, for appellants.
William T. Schley, for respondents.

HATCH, J. This action was brought to recover the sum of $16,- 402.51, money had and received, belonging to the plaintiffs' late firm of Reese, Williamson & Co., of which the plaintiffs, together with the defendant Resburgh, were the surviving partners, and which was collected by the defendant De Zavala from the collector of the port of New York under the following circumstances: Prior to 1874 the firm of Reese, Williamson & Co. were merchants and im- porters doing business in the city of New York. At this time the late Chester A. Arthur was the collector of the port of New York, and under his administration there was exacted and collected upon the goods imported by the plaintiffs' firm quite a large sum in ex- cess of the duties placed thereon by law. In February, 1874, J. H. Stedwell entered into an agreement with the plaintiffs, by the terms of which he was to prosecute the claims for such excess for 50 per cent. of the moneys which he could procure to be refunded, and he was to pay the expenses of the litigation. In pursuance of this agreement, Stedwell brought actions in the superior court of the city of New York against Chester A. Arthur, which actions, upon application by the attorney for the government, were removed into the circuit court of the United States. During the pendency of this action, Chester A. Arthur died; and Charles E. Miller and others were thereafter substituted as defendants in such action, as the per- sonal representatives of said Arthur. While the actions were pend- ing in this court, Stedwell, being unable to prosecute such action by reason of illness, substituted Reed and Drake, as attorneys therein; and on April 14, 1890, Reed and Drake substituted Henry De Zavala as attorney for the plaintiffs, and De Zavala, in connection with Coughtry, prosecuted the claim to a successful conclusion, re- covering therein judgment for the amount mentioned. J. H. Sted- well died in 1884, leaving a last will and testament, in and by which he nominated and appointed his wife, Catherine, his executrix; and such proceedings were afterwards had in surrogate's court that she was duly appointed such executrix, and letters testamentary were duly issued to her. The government having furnished the present collector with moneys for the payment of said judgment, the plain- tiffs, disregarding the agreement with Stedwell, made claim for the whole sum, while the defendants De Zavala and Schley (the former as attorney for the plaintiffs, and the latter as representative of the

executrix of Stedwell) made claim to one-half of the recovery, under the Stedwell agreement, and for the additional sum of $114.80, interest on account of alleged delay caused by the plaintiffs in making collection of the sum awarded by the said judgment. Application was made by the plaintiffs to the United States court to have 50 per cent. of the recovery in each case paid over to them, and the remainder paid into court, to await the result of an action to determine the claim to the money. This motion was denied, and thereupon the whole sum was paid over to the defendant De Zavala, as attorney for the plaintiffs. The present action was brought against said De Zavala and Schley to recover the whole of the sum so received from the government. The plaintiffs claim that there is no privity of contract between themselves and the defendants arising out of the Stedwell agreement, that such agreement is void for maintenance and champerty, and that the agreement, if valid, did not survive his death, while the defendants claim to be entitled to 50 per cent. of the sum by virtue of the Stedwell agreement. After the commencement of the action it was, by order of the court, duly severed, and judgment was entered in favor of the plaintiffs for $8,086.46, with interest from October 11, 1899,—the same being 50 per cent. of the amount of the refund, less the sum of $114.80,—which judgment was paid, and the action was continued for the residue. Thereafter judgment was entered dismissing plaintiffs' complaint, and from such judgment this appeal is taken.

The evidence is abundant from which the court was authorized to find that the plaintiffs were fully informed of the continued existence of the suits, and of their prosecution by the attorney who had succeeded, through substitution, the original attorney. It must be presumed that such notice carried with it knowledge upon the part of plaintiffs that the attorney had obtained from Stedwell the legal authority to prosecute the action, and that they acquiesced in the substitution which had been made. So acquiescing, they became conclusively bound, in recognition of the attorney's right to prosecute the action, and thereby a privity of relation was established. Dale v. Redfield (C. C.) 22 Fed. 506; Dodge v. Schell (C. C.) 12 Fed. 515. The plaintiffs being possessed of knowledge that the attorney was acting in their lawsuit, and having accepted the benefits arising from the service, they are presumed to have ratified the employment, and became bound for the service, as though there had been an original contract of employment. Bank v. Warren, 15 N. Y. 577; Heermans v. Clarkson, 64 N. Y. 171; Tallman v. Kimball, 74 Hun, 279, 26 N. Y. Supp. 811. If, therefore, the agreement with Stedwell be capable of enforcement, as there was privity in employment and ratification of the acts thereunder by the plaintiffs, the defendants became entitled to receive the compensation agreed to be paid under the terms of such contract, and Stedwell's death would in no wise defeat the defendants' legal right. It is said that the agreement is void for maintenance and champerty. It is not necessary that we decide this question, as the parties have fully performed the terms of the agreement. Under it the money has been recovered, the government has paid the same to the attorney, and the latter has paid over the full

amount to which the plaintiffs are entitled. In this regard, it can make no difference that the money was obtained by the plaintiffs through the medium of an action in which judgment has been entered. Such fact has neither increased nor diminished the sum to which the plaintiffs were entitled, but the trial court has awarded the whole sum which they were to receive, less such costs as they have been compelled to pay in the attempt to escape from the force of the obligation created by their contract. It is by no means clear that the plaintiffs would derive any advantage if the court should hold that the agreement was void for maintenance and champerty. Indeed, we think such a ruling might, in the beginning, have been fraught with extreme peril to them; for, if the contract was held void for such reason, it would be void not alone as to one party, but as to both parties. While the contract was executory neither party could enforce it, and if executed, and the money paid over to one, it is at least doubtful if the other party could enforce in an action any right of participation in the fund. Best v. Strong, 2 Wend. 319; Nellis v. Clark, 20 Wend. 24; Moseley v. Moseley, 15 N. Y. 334; 5 Am. & Eng. Enc. Law, p. 822. And if this should be the rule the plaintiffs might be left to the tender mercies of a voluntary division of the spoil. But, as before observed, the question does not arise herein. The defendants have not appealed from the judgment, and the plaintiffs take thereby all to which they are entitled.

These views lead us to conclude that the judgment appealed from should be affirmed, with costs. All concur.