(68 Misc. Rep. 41.)

## CARROLL et al. v. STATE.

(Court of Claims of New York.   May, 1910.)

1. STATES (§ 102*)—CONTRACTS BY OFFICERS—RATIFICATION.
    While the state has placed limits on the authority of its officers to con-
    tract and incur debts on its behalf, it may nevertheless ratify any of their
    acts which are not void under the Constitution.
    [Ed. Note.—For other cases, see States, Cent. Dig. §§ 99, 100; Dec. Dig.
    §. 102.*]

2. ATTORNEY GENERAL (§ 6*)—CONTRACT—RATIFICATION BY STATE.
    The Attorney General employed a stenographer in a certain litigation,
    and the stenographer continued to perform his duties under the successor
    of the Attorney General.   Thereafter the Legislature, by Laws 1907, c. 9,
    § 1, appropriated moneys for the expenses of the Attorney General in his
    office, including stenographic services.   Held, a ratification of the entire
    contract, though the moneys appropriated were not applied to the pay-
    ment for such services, but were expended for other purposes.
    [Ed. Note.—For other cases, see Attorney General, Dec. Dig. § 6.*]

Claims by Edward Carroll, Jr., and others, against the State of
New York, for services as stenographer.   Judgment for claimants.

Litigation arose between the state and the Consolidated Gas Company of
the city of New York concerning the constitutionality of the so-called "80-cent
gas statute."   The state, through the Attorney General, made a party to the
litigation was called upon to defend the statute.   In the defense of the suit,
Atty. Gen. Mayer employed a special stenographer to take minutes and furnish
copy.   For this service the stenographer was paid, down to the close of Atty.
Gen. Mayer's term of office.   At the beginning of the term of his successor,
Atty. Gen. Jackson authorized the continuance of the service of the claimant;
and he continued to take the minutes and furnish copy to the close of the
case, April 2, 1907.   He has not been paid for his services from January 1,
1907, to April 2, 1907.   This claim has been filed to recover the sum of $8,-
921.03.

Other facts appear in the opinion.

Enos S. Booth, for claimants.
Daniel E. Brong, Deputy Atty. Gen., for the State.

RODENBECK, J.   This is a claim for $8,921.03 against the state,
for services rendered by one of the claimants, Edward Carroll, Jr., as
a stenographer in the suit brought in the United States Circuit Court
for the Southern District of New York by the Consolidated Gas Com-
pany of New York against Julius M. Mayer, as Attorney General, the
State Commissioners of Gas and Electricity, and the city of New York
and the district attorney of the county of New York, to test the consti-
tutionality of the so-called eighty-cent gas statute.   The claimant Car-
roll was selected as the stenographer in the litigation by the counsel
for all of the parties, and it was agreed that he should be paid at the
rate of 25 cents a folio for the special master's copy and 5 cents a
folio for each additional copy furnished to the parties.   An agree-
ment was made by the Attorney General and the counsel for the city
of New York that the city should bear one-half of the expense of the
master's copy and the state one-half; thereby reducing the charge to
the state to 12½ cents a folio, instead of 25 cents.   The testimony in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the litigation was begun July 16, 1906, and was continued until April 2, 1907. At the time of the commencement of the litigation, Julius M. Mayer was Attorney General of the state; but his term expired on January 1, 1907, before the termination of the litigation. The claimant was employed by Atty. Gen. Mayer to take the testimony and to furnish certain material besides copies of the testimony and has been paid for his services down to the close of Mr. Mayer's term of office, to wit, to January 1, 1907. At the beginning of the year 1907, a new Attorney General, William S. Jackson, came into office; and an arrangement was made for the continuance of the claimant Carroll as the stenographer in the litigation under the same terms under which he had previously served the state. For the services performed by the claimant Carroll after January 1, 1907, he has not been paid; and this claim has been filed for such services, a part of which has been assigned to the other claimants above named.

While the state has placed limits upon the authority of its officers to contract and incur indebtedness on its behalf (Executive Law [Consol. Laws, c. 18] § 62; State Finance Law [Consol. Laws, c. 56] § 35; Chase v. United States [C. C.] 44 Fed. 732, affirmed 155 U. S. 489, 15 Sup. Ct. 174, 39 L. Ed. 234; Dillon Mun. Corp. [4th Ed.] § 445; McDonald v. Mayor, 68 N. Y. 29, 23 Am. Rep. 144; Throop Pub. Off. § 55; Mech. Pub. Off. § 535), it may nevertheless ratify any of their acts whenever these acts are not void under the Constitution. Throop Pub. Off. § 551; Mech. Pub. Off. § 535. Dillon states the rule with reference to the ratification of the unauthorized acts of municipal officers as follows:

"A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the scope of the corporate powers but not otherwise." Dillon Mun. Corp. (4th Ed.) § 463.

He further says that this ratification may be inferred from the acts of the corporation and that the same principles are applicable to such corporations as to individuals. Id. The same rule applies to the state, except that the limitation upon the state to ratify unauthorized acts is the state Constitution. This rule of law is well stated by Chief Judge Ruger in O'Hara v. State of New York, 112 N. Y. 146, 19 N. E. 659, 2 L. R. A. 603, 8 Am. St. Rep. 726:

"It cannot be questioned, we think, but that when individuals voluntarily furnish property or render valuable services to the state, at the request of state officers for state purposes, but with the expectation of payment for the same, the Legislature may ratify the acts of such officers, although previously unauthorized, and create a legal liability on the part of the state to pay for such property and services, enforceable in its tribunals."

Within the line of these authorities, there was a ratification of the contract with the claimant Carroll. The original contract made with Atty. Gen. Mayer was ratified by the appropriation made by chapter 578 of the Laws of 1907, which specifically referred to the gas litigation, and made an appropriation to meet the expenses thereof down to the end of Atty. Gen. Mayer's term of office.

The language of this appropriation is as follows:

"For the payment of services and disbursements authorized and expenses incurred by the Attorney General pursuant to law prior to January first, nine-

teen hundred seven, in the actions in the Circuit Court of the United States for the Southern District of New York brought to restrain the officers charged by law with the execution of the provisions of chapter one hundred twenty-five, laws of nineteen hundred six, forty-seven thousand eight hundred fifty-four dollars and ninety-four cents ($47,854.94) or so much thereof as may be necessary, to be audited by the comptroller upon the certificate of the Attorney General then in office." Laws 1907, p. 1321, c. 578.

This appropriation operated as a ratification of the entire contract. City of New York v. Davenport, 92 N. Y. 604; Mech. Pub. Off. § 543; Farmers' Loan & Trust Co. v. Walworth, 1 N. Y. 434. The claimant Carroll's contract was for the entire litigation, and the ratification covered not only the services rendered during the term of Atty. Gen. Mayer, but also those rendered during the term of Atty. Gen. Jackson. Tallman v. Kimball, 74 Hun, 279, 26 N. Y. Supp. 811. In addition to this ratification, however, Atty. Gen. Jackson reaffirmed the contract, and the Legislature made appropriations sufficient to cover the expenses for the remainder of the litigation.

This appropriation reads as follows:

"For the expenses of his office, including furniture, books, binding, blanks, printing, postage, express or freight upon letters, documents or other matter including boxes or other covering therefor, telegraph, telephone and messenger service and other expenses of the Attorney General in the conduct of his office, including temporary clerical and stenographic services, eleven thousand five hundred dollars or so much thereof as may be necessary.

"For the New York city bureau of the Attorney General's office; for the compensation of special counsel at not to exceed ten dollars per day, each to be designated on the written order of the Attorney General, or the New York city deputy of the Attorney General, and for office rent, postage, telegraph and telephone expenses, blank books, stationery and other necessary expenses incidental to the conduct of the office, including temporary clerical and stenographic service, ten thousand dollars, or so much thereof as may be necessary." Laws 1907, p. 17, c. 9, § 1.

These appropriations are general in their character and are intended to include the claimant's claim. The fact that it was not paid out of the appropriations does not vitiate the effect of the appropriations as a ratification of his contract.

At the time that these appropriations were made, the Legislature knew that the litigation was pending and the expense involved in carrying it on; and, when the appropriation in 1906 was made, it knew that additional expenses would be incurred to complete the hearings down to the close of the case. The appropriation statutes have as binding a force as the provisions in the executive law and state finance law, and are to be construed in connection with those statutes, and are sufficient to constitute a ratification of the acts of the Attorney General where, as in this case, work has been done for the state and the benefits have been accepted by it. Dillon Mun. Corp. (4th Ed.) § 464; Mech. Pub. Off. § 549.

There is no dispute as to any of the items of the claim, and an award for the sum of $8,921.03 with interest from April 2, 1907, must be made.

Judgment for claimants.

SWIFT, J., concurs.