SARGENT v. McLEOD et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

ATTORNEY AND CLIENT (§ 150*)—RIGHT TO FEE—SETTLEMENT AFTER ATTORNEY'S DEATH.

Where an attorney employed for a contingent fee to recover damages from a railroad company for injuries to an employé died after serving the requisite notice, instituting suit, and performing all services proper and necessary, but before the case was brought to trial, and where his client settled with the railroad company for $5,000, though the best offer before the attorney was employed was $600, and the settlement secured was not less in amount than he would have been willing to accept had the attorney been living, the attorney's estate was entitled to the contingent fee agreed upon.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 354–357; Dec. Dig. § 150.*]

Appeal from Equity Term, Onondaga County.

Action by Mary L. Sargent, as administratrix, etc., against Donald McLeod and another. From judgment for plaintiff, defendants appeal. Affirmed.

Defendant McLeod, while acting as a locomotive fireman in the employ of the defendant Railroad Company, was seriously injured in the Railroad Company's yards at East Syracuse, N. Y., while in the discharge of his duties, under circumstances which he claimed gave rise to a cause of action in his favor against the Railroad Company. While in the hospital under treatment for his injuries, he had negotiations with a claim agent of the Railroad Company for settlement. The best offer made to him was $600, which he declined to accept. On June 16th he wrote a letter from the hospital at Lyons, N. Y., to the late Frank C. Sargent, an attorney at law at Syracuse, N. Y., requesting Sargent to call on him with reference to managing a settlement with the Railroad Company. Sargent thereupon sent a clerk in his office to interview McLeod. This was followed by several letters between Sargent and McLeod, and interviews between McLeod and Sargent's clerk, and resulted on August 6, 1910, in the execution by McLeod and Sargent of a written contract prepared by Sargent, as follows: "Lyons, N. Y., August 8, 1910. I, the undersigned, hereby employ Frank C. Sargent as my attorney to commence an action against the New York Central & Hudson River Railroad Company to recover damages sustained by me by reason of its negligence. In consideration of the agreement on the part of my said attorney to make me no charge for services unless successful in realizing on this claim, I agree to pay my said attorney Frank C. Sargent, one-third of the amount received in case this claim is settled without trial and fifty per cent. of the amount received in case of trial whether the same be compromised thereafter or not. It is mutually agreed that this contract contains the entire agreement between the parties hereto. Donald McLeod. [L. S.] Frank C. Sargent. [L. S.]"

Sargent thereupon made an investigation into the circumstances of the accident, prepared and procured McLeod to sign a notice under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), which, with a summons and a complaint in an action by McLeod against the Railroad Company, verified by McLeod, were served on the company on August 15, 1910. Issue was joined by the service of the answer of the Railroad Company, and the case was duly noticed for trial at the October Trial Term in Onondaga county and a note of issue filed, and Sargent caused notice to be filed with the clerk to place the case on the day calendar. On October 14th, before the case had been reached in its order, or placed upon the day calendar, Sargent died. Plaintiff, his widow, was duly appointed administratrix of his estate, and requested McLeod to consent to the substitution of a firm of attorneys in said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action in Sargent's place to continue the same, and while negotiations were pending for such substitution, and before they had been concluded or any ·substitution made, the Railroad Company, through its claim agents, negotiated a settlement directly with McLeod, which was consummated on the 10th day ·of November, 1910, by the payment of $5,000 by the Railroad Company to Mc-Leod, and the execution by McLeod to the Railroad Company of a general release of all claims, demands, and causes of action on account of his injuries or otherwise. Before this settlement was made, the claim agents who nego-·tiated it had knowledge of the terms of the contract between Sargent and Mc-Leod. They represented to McLeod that the death of Sargent terminated this ·contract, and ended all liability ,of McLeod to Sargent's estate. McLeod ex-.pressed the opinion that Sargent's estate might have a valid claim, and the claim agents agreed orally for the Railroad Company to protect McLeod against such claim, if one were made.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

A. H. Cowie, of ·Syracuse, for appellant New York C. & H. R. R. Co.

Clyde W. Knapp, of Lyons, for appellant McLeod.

Stewart F. Hancock, of Syracuse, for respondent.

FOOTE, J. It has been adjudged in this case that plaintiff's intes-·tate, Frank C. Sargent, acquired an attorney's lien upon the cause of action of defendant McLeod against the defendant Railroad Company, which lien did not cease ipso facto upon Sargent's death, but .attached to the $5,000 paid by the Railroad Company in settlement of the cause of action to the extent of one-third thereof, and judgment .has been awarded foreclosing such lien against both defendants to the .amount of $1,666.66, with interest, execution to issue first against the ·defendant McLeod, and, upon return thereof unsatisfied, then against .the defendant Railroad Company. The findings of fact upon which these legal conclusions were reached are that Sargent in his lifetime performed all the services proper and necessary to protect and pro-·mote the interests of McLeod, and that such services were the cause ·of the offer of the Railroad Company to pay $5,000 in settlement, and were the cause of such settlement, and that defendant McLeod is in-·solvent.

We think these findings of fact are sufficiently supported by the ·evidence. It did not appear that McLeod incurred any expense what-·ever after Sargent's death in reference to his case against the Rail-road Company. He did not employ another attorney, nor did he, so far as the evidence discloses, accept in settlement any less sum than ˙he would have been willing to accept had Sargent been living.

We think the judgment awarded is sustained by the weight of au-·thority. In Clark v. Gilbert, 26 N. Y. 279, 84 Am. Dec. 189, the ·estate of an engineer, who had been employed under contract to erect certain docks in California and who for his services was to receive ·certain compensation monthly, and, upon the completion of the work, ·one-third of the profits realized by the principal contractor by whom he was employed, and who died before the completion of the contract, was held entitled to recover such proportion of one-third of the whole profits as the amount and cost of the work done at the·time of his

death bore to the entire cost of the work when completed. In the course of the opinion in that case it is said:

"By applying the rule to this case, that the servant, when prevented by sickness or death from fully performing a contract for his personal services, may recover compensation for the services performed at the rate specified in the contract, subject to the right of the employer to reduce the same, by proof of the damages, if any, sustained by him in consequence of the servant not being able to complete the stipulated term of service, justice would be done to both parties, and the plaintiff would recover one-third of the profits earned, at the time of the testator's death, on the contracts the defendant and his associates had with the government of the United States, not only for constructing the dry dock and the lease of it, but also the basin and railway, after deducting the damages, if any, the defendant sustained in consequence of the sickness and death of the testator, prior to the completion of the work."

It was also held in that case that it was not a valid objection to the application of the rule that at the time the testator died the profits earned upon the contracts could not have been ascertained.

In Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388, recovery by the executor was permitted for service performed by his testator under contract for personal services for the term of one year, where part of the compensation was not to be paid until the full performance of the contract at the end of the year. In this case, Judge Allen, after reviewing many English and American authorities, deduces from them conclusions which, in principle, support the judgment in the present case. He says:

"There is good reason for the distinction which seems to obtain in all cases between the case of a willful or negligent violation of a contract and that where one is prevented by the act of God. In the one case the application of the rule operates as a punishment to the person wantonly guilty of the breach, and tends to preserve the contract inviolable; while in the other its exception is calculated to protect the rights of the unfortunate and honest man who is providentially and without fault on his part prevented from a full performance."

And from Story on Bailments is quoted the following:

"That, where the contract is for personal services which none but the promisor can perform, there inevitable accident or the act of God will excuse the nonperformance, and enable the party to recover upon a quantum meruit. But, where the thing to be done or work to be performed may be done by another person, then all accidents are at the risk of the promisor."

The conclusion reached by this learned judge is stated by him as follows:

"The conclusion, then, is, that, where the performance of work and labor is a condition precedent to entitle the party to recover, a fulfillment must be shown; yet that, where performance is prevented or rendered impossible by sickness or death of the party, a recovery may be had for the labor actually done. This is not out of harmony with principle or adjudged cases, and is certainly in harmony with the rules of common honesty and strict justice. * * * The contract was in fact discharged by the act of God, and its chief consequence was to measure the amount of the plaintiff's damages, or to regulate the compensation to which the plaintiff was entitled, though this remedy was as upon a quantum meruit."

The same rule was applied in Coe v. Smith, 4 Ind. 79, 58 Am. Dec. 618, where the estate of a deceased attorney, who had contracted to

defend his client's suit for the gross sum of $500 but who died before completing the defense, was allowed to recover as upon a quantum meruit for the value of the service performed prior to his death. That an attorney's lien survives his death under contract for a contingent fee is held in Dodge v. Schell, 10 Abb. N. C. 465, 12 Fed. 515. In that case Judge Wallace in the United States Circuit Court, on the authority of Wolfe v. Howes, supra, and other cases, held:

"That the executrix of Douglas (the deceased attorney) has a valid claim against the plaintiffs for the value of his services up to the time of his death; the entire performance of the contract, on his part, being prevented by his death."

We think that Badger v. Celler, 41 App. Div. 599, 58 N. Y. Supp. 653, is not in conflict with the authorities above referred to. In that case the controversy was submitted to the court without action as to the right of the executor of a deceased attorney to recover for his services rendered to the defendant in his lifetime under a contract for a contingent fee, where the action in which the services were rendered had not then been determined, and where it was impossible to say whether the action would ultimately be successful. It was very properly held in that case that there could be no recovery, because the defendant had recovered nothing upon the claim or demand which the attorney had been engaged in prosecuting upon the basis of a contingent fee. In the course of the opinion in that case, Mr. Justice Ingraham, for the court, says:

"We are not now concerned with a determination of the question whether an attorney employed under such a contract as the one in question, who has rendered valuable services which result in his client's obtaining a substantial recovery upon the claim which he was employed to enforce, although such recovery should happen after the death of the attorney, would be entitled to some compensation for the services which he had rendered."

We conclude that plaintiff has been properly allowed a recovery to the extent of the one-third contracted by McLeod to be paid to Sargent for his services in bringing about a settlement before trial, inasmuch as the services rendered by Sargent are found by the court to have been the procuring cause of the settlement actually made. We think the defendants cannot complain, inasmuch as Sargent would have been entitled to that amount, if living, though he did not himself negotiate the settlement, and since McLeod has suffered no loss and incurred no expense in reference to the settlement since Sargent's death. We base our decision upon the findings made by the court, without approving all of the reasons assigned by the learned trial justice in his opinion for the judgment he gave.

We think the judgment appealed from should be affirmed with costs. All concur.