HAMILTON WARD, Appellant, v. FREDERICK J. DONOVAN and Others, Respondents.

Fourth Department, May 24, 1922.

Attorney and client — action to foreclose attorney's lien — contract of retainer, providing for payment to attorney if settlement made after case goes upon day calendar, construed — duty of defendants in settling action to retain sufficient to satisfy attorney's lien.

Where after the execution of a contract of retainer under which the attorney was to receive " thirty-five per cent (35%) in case said cause of action is settled after it goes upon the day calendar or is tried    *    *    *    of the amount received or recovered in such settlement or litigation, in addition to the taxable costs and disbursements," an employee of the defendants effected a settlement with the plaintiff while said action was on the day calendar by paying him $4,800 and agreeing to protect him against any legal lien of his attorney, said attorney in an action to foreclose his lien is entitled to recover from the defendants upon the theory that only sixty-five per cent of the amount of the settlement had been paid to the client.

5

*It seems,* that it was the defendants' duty to retain such a portion of the settlement as was necessary to satisfy the attorney's lien, and payment in full to the client would have been made at the risk of having to pay a second time to the attorney the amount to which he was entitled.

APPEAL by the plaintiff, Hamilton Ward, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Erie on the 29th day of December, 1921, upon the decision of the court rendered after a trial at the Erie Special Term.

*Irving W. Cole* [*Dana L. Spring* of counsel], for the appellant.

*Raymond C. Vaughan,* for the respondents.

SEARS, J.:

The plaintiff, an attorney and counselor at law, on the 14th day of March, 1919, was retained by Frederick J. Donovan, then an infant, through his guardian *ad litem,* to prosecute a cause of action which Donovan claimed to have against the defendants New York Central Railroad Company and the Director-General of Railroads, for personal injuries arising out of a railway accident. A written contract was entered into between the plaintiff and the defendant Donovan, through his guardian, which contained the following language: " The said Frederick J. Donovan agrees to and hereby does retain the said Hamilton Ward to act as his attorney, to prosecute his claim and cause of action and agrees to pay the said Hamilton Ward * * * thirty-five per cent (35%) in case said cause of action is settled after it goes upon the day calendar or is tried * * * of the amount received or recovered in such settlement or litigation, in addition to the taxable costs and disbursements."

After Donovan became twenty-one years of age he ratified this contract. Pursuant to the contract the plaintiff in this case caused an action to be brought by Donovan against the New York Central Railroad Company and the Director-General of Railroads in the Supreme Court and later caused the action to be placed upon the day calendar of the Erie County Trial Term for trial. While the action was on the day calendar, the defendants in that action, through an employee, John A. La Rock, settled Donovan's action and claim with Donovan direct. This occurred in Pennsylvania where Donovan lived. At the time of making the settlement, La Rock was presented with a copy of the contract of retainer between Donovan and the plaintiff. The settlement was evidenced by two instruments — one a release signed by Donovan, in which it is stated that the sole consideration was $4,800, receipt of which was acknowledged. By the other instrument signed by La Rock, the defendants in

that action agreed " to protect Frederick J. Donovan against any legal lien Attorney Hamilton Ward may have on account of contract or action in Supreme Court, Erie county, against the United States Railroad Administration and the New York Central Railroad Company."

Previous to completing the transaction Donovan consulted a Pennsylvania lawyer but the settlement was made without the knowledge of the plaintiff in this case or of the attorneys for the defendants in the Donovan action or even of the claim department of the railroad company in Buffalo. At the time the settlement was made La Rock told Donovan that the settlement would cost the railroad and the Director-General somewhere in the neighborhood of $7,500 on the basis of the $4,800 payment to Donovan.

Plaintiff brought this action to foreclose his lien upon Donovan's cause of action (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492), and claims to be entitled to recover from the defendants New York Central Railroad Company and the Director-General of Railroads upon the theory that only sixty-five per cent of the amount of the settlement has been paid to Donovan, while the railroad and the Director-General contend that the entire amount of the consideration for the release has been paid to Donovan and that the attorney's lien must be calculated on the $4,800 alone.

We are of the opinion that the plaintiff's contention is correct. We are not dealing here with a dishonest attempt to deprive the plaintiff of his compensation which the courts will brush aside, but with the exercise in good faith of the undoubted right of an individual to terminate his own litigation. (*Matter of Snyder,* 190 N. Y. 66.) The plaintiff's claim for compensation was recognized in the transaction and protected by the agreement. The plaintiff does not assail the settlement but bases his claim upon it.

The plaintiff's compensation, according to his contract, was to be computed upon the " amount received or recovered in such settlement or litigation." Although Donovan personally received but $4,800, he was at the same time relieved of the obligation which he would otherwise have had, of paying his attorney. Too much stress should not be laid upon the word " received." The clear intention of the contract was to base the lawyer's compensation upon the amount for which settlement was made. In this case settlement was not made for the sum of $4,800, but for the sum of $4,800, plus the lawyer's compensation as fixed by the contract of retainer.

Judge VANN in discussing the lien of an attorney in *Fischer-*

*Hansen* v. *Brooklyn Heights R. R. Co.* (*supra*) said: " The right of the parties to thus settle is absolute and the settlement determines the cause of action and liquidates the claim. This necessarily involves the reciprocal right of the attorney to follow the proceeds of the settlement, and if they have been paid over to the client, to insist that his share be ascertained and paid to him, for the defendant is estopped from saying that with notice of the lien he parted with the entire fund. * * *

" So a lien upon a claim or a cause of action follows the fund created by a settlement of the claim, which thereupon ceases to exist. It attaches to the amount agreed upon in settlement the instant that the agreement is made, and if the defendant pays over to the client without providing for the lien of the attorney, he violates the rights of the latter and must stand the consequences. We think that the plaintiff had a lien upon the sum which the defendant agreed to pay to extinguish the cause of action, and that the law will not permit it to say that it has nothing in its hands to satisfy it. The lien was not affected by the adjustment, but leaped from the extinguished cause of action to the amount agreed upon in settlement."

It was the duty of the defendants in the Donovan action to retain such a portion of the settlement as was necessary to satisfy the attorney's lien and payment in full to the client would have been made at the risk of having to pay a second time to the attorney the amount to which he was entitled. In this view there can be no doubt that the amount of the settlement retained by the defendants New York Central Railroad Company and the Director-General of Railroads for payment to the plaintiff as was agreed was a part of the settlement upon which the plaintiff's compensation must be based.

We have not overlooked the case of *Pilkington* v. *Brooklyn Heights R. R. Co.* (49 App. Div. 22), but that case was decided before the *Fischer-Hansen* case was determined by the Court of Appeals and, in view of the language of the opinion in the latter case quoted above, we disagree with the reasoning of the opinion in the former.

The matter here decided was not involved in *Sargent* v. *McLeod* (155 App. Div. 21) as the plaintiff there sought to recover only on the basis of the amount received by the client.

In view of the finding that the railroad as well as the Director-General promised payment of compensation to the plaintiff, no appeal having been taken by any party but the plaintiff, neither the railroad nor the Director-General is in position to question responsibility for payment of the plaintiff's claim.

A new finding should be made to the effect that the settlement was for $7,428.61 and judgment should be modified by increasing the recovery to $2,628.61, with interest thereon from June 3, 1919, and as so modified affirmed, with costs to the appellant.

All concur.

Judgment modified by increasing the amount of the recovery to $2,628.61, with interest from June 3, 1919, and as so modified the judgment is affirmed, with costs to the plaintiff, and additional findings of fact made accordingly.