**Max MILLET and Dora Millet,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 60-C-645.**

United States District Court
E. D. New York.

Nov. 29, 1960.

Louis Granick, Brooklyn, N. Y., for plaintiffs.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant, Richard S. Harrell, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Motion by defendant to dismiss the complaint pursuant to Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C.A., for failure to state a claim upon which relief can be granted.

In January, 1953 the predecessor owner of plaintiffs' property (then a vacant parcel of land) entered into an agreement with the defendant acting through its Post Office Department, to lease the premises to the Government for a Post Office in accordance with the standard form of Post Office lease thereto attached, for a term of twenty years upon the completion of a building to be constructed thereon. In January, 1954, when the building was completed, the predecessor owner executed a lease with the Government pursuant to the Lease Proposal of January, 1953, and the Post Office Department has occupied the premises under that lease ever since.

In April, 1955 plaintiffs became the owners of the property subject to the lease, and in July, 1960 filed the complaint herein seeking to annul the lease upon the ground that the same is invalid and void because the execution thereof by the Government was unauthorized.

In effect, the complaint alleges that until July 22, 1954, when §§ 901 to 909

inclusive of Title 39 U.S.C.A.[1] were enacted, the Postmaster General was not authorized to execute an agreement for the construction and leasing of a permanent-type structure and that accordingly the lease was executed in violation of 41 U.S.C.A. § 11, which was enacted in 1906 and provides:

"No contract or purchase on behalf of the United States shall be made, unless the same is authorized by law or is under an appropriation adequate to its fulfillment, except in the Departments of the Army, Navy, and Air Force, for clothing, subsistence, forage, fuel, quarters, transportation, or medical and hospital supplies, which, however, shall not exceed the necessities of the current year."

The Government asserts (i) that on January 16, 1953, the date of the Lease Proposal, and at all the times thereafter including January 28, 1954, the Postmaster General was authorized to enter into the lease pursuant to the Post Office Department Financial Control Act of 1950, 39 U.S.C.A. § 794f, which provided in part:

"In the performance of, and with respect to, the functions, powers, and duties vested in him, the Postmaster General may—

"(1) enter into such leases of real property as may be necessary in the conduct of the affairs of the Department on such terms as he may deem appropriate, without regard to the provisions of any law, except those provisions of law specifically applicable to the Department; * * *",

and (ii) that performance by the Post Office Department under the lease for more than six years after the enactment of the 1954 Act constituted ratification of the lease. This last contention can be disposed of by reference to Chase v. United States, C.C.Ind.1890, 44 F. 732, affirmed 155 U.S. 489, 15 S.Ct. 174, 39 L.Ed. 284, to the effect that if authority is lacking in the first instance, there is no ratification by subsequent occupation by the Post Office Department.

The essence of plaintiffs' argument is that the grant of express authority to enter into this type of lease by the 1954 Act automatically excluded the existence of prior authority for such lease in view of the prohibition contained in 41 U.S.C.A. § 11. Plaintiffs' contention that the 1950 Act is inapplicable is difficult to understand. In substance, they state that the 1950 Act provides for the improvement of Post Office Department accounting methods and procedures and grants authority to the Postmaster General to waive the existing general statutes on Government leases when he enters into leases of real property based on 39 U.S.C.A. They apparently claim that the Act imposes a limitation upon the authority of the Postmaster General without specifying how. Their argument appears, however, to be only another way of stating that the Postmaster General has the authority specifically granted to him under the 1950 Act to enter into such leases of real property as may be necessary in the conduct of the affairs of the Department "on such terms as he may deem appropriate, without regard to the provisions of any law" except those specifically applicable to the Department. The legislative purpose of the Act may be gleaned from the Senate Report concerning Section 794f which states that this section "gives the Postmaster General additional authority and freedom of action with respect to the leases of real property". S.Rep.No. 2217, 81st Cong., 2d Sess. (1950), U.S.Code Cong.Serv. 1950, Vol. 2, p. 3028. The wording of the 1950 Act would have little meaning unless it were construed to grant the Postmaster General the authority to enter into the lease in question.

It is a *non sequitur* to argue that the express authority granted by the 1954 Act is a clear indication of the non-existence of prior authority under the 1950 Act. The purpose of the 1954 Act was

1. Now 39 U.S.C.A. §§ 2103–2116.

to expand the authority already possessed by the Postmaster General and to expressly authorize him to execute lease-purchase agreements and purchase-lease agreements. In the grant of such broad authority the statute in its general language necessarily authorized as an incident thereto, leases of the type herein involved. From such language it does not follow, however, that no authority existed prior thereto for the execution of the present lease. Section 901, 39 U.S.C.A.[2] stated in part:

"It is the purpose of this title to *supplement* existing provisions of law for the leasing of space for postal purposes by providing authorization for the acquisition by the Postmaster General of such space through the execution of lease-purchase and *other agreements* under which the United States will obtain immediate use of such space and will make periodic payments, * * * " (Emphasis added).

Thus the authority granted under the 1954 Act supplements and expands the authority granted under the 1950 Act by giving the Postmaster General authority to enter into the leases set forth in Sections 901 to 909 inclusive. The lease involved in this case is not a lease-purchase nor a purchase-lease agreement but simply a term lease, which while authorized under the 1954 Act, was also authorized under the 1950 Act. Under this construction 41 U.S.C.A. § 11 has not been violated because the lease agreement was "authorized by law" and one need not inquire whether the appropriation was "adequate to its fulfillment". The above construction also accords with the wording of the various Acts above mentioned, the Congressional intent and the conditions which the various Acts purported to obviate. There is no merit in plaintiffs' complaint and it therefore must be dismissed.

Settle order within ten (10) days on two (2) days' notice.